Judge Underwood
delivered the opinion of the Court.
Thís court has repeatedly recognized the constitutional validity of the act of 1809, usually denominated the seven years’ limitation act, and if it were a question, now, for the first time, presented, we should not hesitate to give that act full effect, according to its manifest import and design. Its operation in this case, protects the defendant Roff, and the heirs of Logan. It also protects the heirs of Dye, so far as their claim to the land conveyed to their an-' cestor, by deed, bearing date, 10th October, 1801, is concerned; but as it regards the 25 acres of land, conveyed to their ancestor, in 1815, the statute furnishes no such protection, the suit having been instituted on the 3d day of February, 1818. If then, the complainant’s entry has been established, as possessing every legal requisite, and Dye’s heirs, cannot defend themselves, upon other grounds, than the said statute, they must surrender and convey their legal title to the complainants, so far as the 25 acres are concerned.
Dye’s heirs, derive their title from Thomas Marshall, the elder patentee, through several intermediate conveyances. It is shewn-by the proof, that Thomas Marshall, by his agent, A. K. Marshall, put a tenant on his tract, within the bounds of his patent, with the intent to hold the possession of the entire tract, as early as 1792, and that during the same year, he obtained a writ of ad quod damnum, with a view to *255 the erection of a water gristmill, on the land. As early as 1795,it appears from the proof, he had possession of his tract, by another tenant. But these tenants were not settled, within the boundary of the junior conflicting patent, and the entry uuder which the complainants claim.
The possession of Thomas Marshall, the elder pa-tentee, and those claiming under him* lias been continued , from 1792, down to the institution of this suit, a period exceeding 25 years. This, according to the principles settled, in the case of Wilson’s heirs vs. Bodley, II. Littell, 59; and many subsequent decisions, in conformity thereto, will bar the equity of the complainants, unless it requires a pedis possessio, or actual improvement, within the bounds of the junior patent, to be continued twenty years, before the equity derived from the entry, on which the junior patent is founded, can be barred by adverse possession.
If such actual possession, within the lap, be necessary, then it follows, that an equity, under an entry, may be setup by bill in chancery, after the elder pa-tentee has entered, and taken possession of his tract, at any time, no matter how distant, provided the entry and improvement be not made by the elder paten-tee, upon ground, common to both patents.
Such an idea, is inconsistent with the doctrines of the law, which extend the possession in fact, oftheelder p sientee, to the limits of his patent, whenhe enters upon any part, and improves that part, claiming to the extent of his boundary. See Layson vs. Galloway, &c. IV. Bibb, 100; Treble vs. Smith, &c. Ib. 257; Braxdale vs. Speed, I. Marshall, 106; Lee vs. M’Daniel, I. Marshall, 234; Calk vs. Lynn’s heirs, I. Marshall, 346.
It is settled, that the junior patentee, entering upon his patent, interfering with an elder grant, and not within the lap, or interference, does not acquire possession in fact, of the interference. See Treble vs. Smith, &c. IV. Bibb, 257, and Smith vs. Mitchell, I. Marshall, 207.
These decisions, shew,that the entry of the elder pa-tentee, upon any part of his tract, by himself or ten *256 ant, claiming to the extent of its patent boundary, gives possession of the whole, without regard to the interferences of junior patents.
Haggin and Reid, for appellants; Monroe, for ap-pellees.
If this were not true, the doctrines taught in those cases, which restrict the possession of the junior pa-tentee, to tile boundary of the elder grant, where the entry by the junior patentee, is made not within the lap, would likewise have applied, so as to limit the possession of the elder patentee, to the boundary of the junior grant, where the entry by the elder pa-tentee, is made, not within the lap. But the elder patentee,is not so obstructed, unless at the time of his entry, he intended not to interfere with the junior patent. See Calk vs. Lynn’s heirs, already cited.
ft follows, that Thomas Marshall, and those claiming under him, have had twenty years’ continued adverse possession, of all the land, included within the boundary of bis patent, and that Dye’s heirs are protected, as to the 25 acres likewise. This conclusion relieves us from the investigation of the complainant’s equity, based upon the entry, in the name of Tibb’s and Crutcher, for 3000 acres, and the manner the complainants have derived their title.
The decree of the circuit court, is affirmed with costs.